# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES VINCENT RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV414-018 |
| | ) | |
| JASON JONES, STEVE McCUSKER, ROBERT W. ATTRIDGE, JR., TODD MARTIN, FALEN O. COX, DISTRICT ATTORNEY MEGAN HEAP, NANCY SMITH, JUDGE JOHN E. MORSE, JR., JUDGE MICHAEL L. KARPF, CYNTHIA GROOVER, DANIEL MASSEY, CITY OF SAVANNAH POLICE DEPARTMENT, CHATHAM COUNTY SHERIFF'S COMPLEX, AL ST. LAWRENCE, and MAYOR EDNA JACKSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Charles Vincent Rice has filed a 42 U.S.C. § 1983 complaint attacking the actions of every prosecutor, public defender, judge, and court official connected to his criminal prosecution for shoplifting. (Doc. 1 at 6-7.) He asks to be released from incarceration and seeks more than

$3,000,000 in damages.¹ (*Id.* at 8.) His case does not survive initial screening and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).²

The public defender defendants -- Jones, McCusker, Attridge, Martin, and Cox -- are immune from suit under 42 U.S.C. § 1983 because they are not state actors, as required by the statute. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) ("[B]ecause [appointed counsel] was performing traditional lawyer functions in her representation of [plaintiff/defendant], she was not acting under color of state law. Therefore, [plaintiff/defendant] has no § 1983 cause of action against

---

¹ He also asks that all of the named public defenders be "put in prison for conspiring in this illegal racketeering scheme to violate the public poor, and African Americans' rights as [] citizen[s] of the" United States. (Doc. 1 at 8.) Except in contempt matters, it is not this Court's function to institute criminal proceedings. Rice's citations to 18 U.S.C. §§ 241 and 242 are inapposite, as those statutes create no private right of action. *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action).

² That statute permits a district court to dismiss *sua sponte* an IFP plaintiff's complaint that is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. *See also* 28 U.S.C. § 1915A.

2

[appointed counsel] in connection with her representation of him."). Rice's claim that these defendants provided "subpar representation" must be dismissed.

Rice's complaints against the state prosecuting attorneys -- Heap and Smith -- are directed at their actions in pursuing the criminal charges against him,[3] so they are personally immune from suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State'"). They are also immune in their official capacity as state agents, for such suits are barred by Eleventh

---

[3] In addition to criticizing them for improperly investigating the case against him, he claims that his public defenders and the state attorneys "conspire[d]" against him. Such a blanket generalization is insufficient to survive initial review. Rather, it is a plaintiff's obligation to assert facts showing the elements of conspiracy. This Rice has failed to do. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) ("To establish a prima facie claim of conspiracy to violate rights protected by § 1983, a plaintiff must demonstrate that the defendants 'reached an understanding to violate his rights.'"), *overruled on other grounds by Whiting v. Traylor*, 85 F.3d 581, 584 n.4 (11th Cir. 1996); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Amendment sovereign immunity.[4] *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits claims for damages against a state unless the state has waived immunity; official capacity suits against state officials are effectively suits against the state, so the same protection applies).

The judges -- Morse and Karpf -- are protected by absolute immunity from any claim for damages arising from the performance of their judicial duties. *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991). A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction."). The clerks -- Massey and Groover -- are

---

[4] "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). For purposes of § 1983 liability, whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that, in Georgia, "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989).

4

likewise absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because they are performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). Rice fails to allege any facts suggesting that the judges or clerks acted outside their authority.

The Chatham County Sheriff's Complex and City of Savannah Police Department are not entities capable of being sued. *See, e.g., Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); *Miller v. Benton County Jail*, 2006 WL 2711482 at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); *Agnew v. St. Joseph County Jail*, 1996 WL 534928 at *1 (N.D. Ind. Aug. 14, 1996). Hence, those defendants must be dismissed. And any claim for damages against Sheriff Al St. Lawrence in his official capacity would be barred by sovereign immunity. As an "arm of the state," his actions are shielded by the Eleventh Amendment. *Rylee v. Chapman*, 316 F. App'x 901, 905

(11th Cir. 2009) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003), and *Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007)).[5]

The sole remaining defendant is Mayor Edna Jackson, but Rice has not even mentioned her in the body of the complaint. While *pro se* pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rice has utterly failed to meet this pleading standard. Accordingly, Mayor Jackson must also be dismissed.

In addition to seeking to recover damages, Rice also demands to be released from incarceration. It is well established, however, that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77

---

[5] Nothing in the complaint suggests that St. Lawrence took any direct action against plaintiff. He seems to have been tacked on as an afterthought, along with the court clerks.

(2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement); s*ee Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)). To secure release from his confinement Rice must pursue habeas corpus relief. And to do that properly, he must first exhaust his state court remedies. *See Perry v. St. Lawrence*, No. CV412-129, doc. 9 (S.D. Ga. Sep. 28, 2012) (dismissing federal habeas petition for lack of exhaustion).

For all of the reasons explained above, Rice's § 1983 action should be **DISMISSED**. He must also pay the Court's filing fee. Based upon his furnished information, he owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, Rice's present custodian shall forward a copy of this Order and all financial information

concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 23rd day of June, 2014.

> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA